UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE
2016 JUN -9 P 2: 28

BERNARD HEZEKIAH DRAYTON,          *
DEFENDANT-PETITIONER,              *
                                   *
                                   *    CRIM CASE NO: 2:98-CR-751-002
                                   *    CIVIL CASE NO:_____
                                   *    HONORABLE PATRICK MICHAEL DUFFY
                                   *    U.S. DISTRICT JUDGE
                                   *
                                   *
Vs.                                *
                                   *
                                   *
UNITED STATES OF AMERICA,          *
PLAINTIFF-RESPONDENT.              *
_____/


MOTION TO VACATE, CONVICTION, SET-ASIDE
OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255
WITH MEMORANDUM OF LAW, IN SUPPORT OF MOTION



COMES NOW the Petitioner, **Bernard Hezekiah Drayton**, proceeding in the above entitled cause under the status of Pro-se, hereby respectfully moves this Honorable Court to vacate, set-aside, or correct the Judgment of conviction and sentence in this case which was obtained contrary to the protection afforded the Petitioner under the Due Process Clause of the Constitution in light of **Johnson** v. **United States**, 135 S.Ct. 2551, 192 L.Ed. 2d 569 ( 2015 ) In support thereof the Petitioner shows the following.

## I.

### PROCEDURAL HISTORY

1. The Petitioner was charged by a Second Superseding Indictment on or about August 10, 2000, in the above styled case with Count**(1):** Conspiracy to Obstruct interstate commerce by armed robbery, in violation of 18 U.S.C. § 1951(a); Count**(2):** Obstruction of interstate commerce by armed robbery, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2; Count**(3):** Conspiracy to Use and Carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o); Count**(4):** Using and Carrying a firearm during and in relation to a crime of vilence, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2; Count**(6):** Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2. The Petitioner was arraigned on the above charges on or about August 24, 2000, a plea of not guilty was entered before the magistrate Judge Wallace W. Dixon, as tocount(s) **1ss,2ss,3ss,4ss** and **6ss.**

3. On or about June 1, 2001, the case proceeded to trial, before the Honorable Patrick Michael Duffy, additionally, on or about June 6, 2001, the Jury returned it verdict finding the Petitioner guilty as to count(s) **1ss,2ss,3ss,4ss** and **6ss.**

4. On or about February 25, 2002, a sentencing hearing was conducted before the Honorable Patrick Michael Duffy, the sentencing court imposed the following term of imprisonment; Life imprisonment as to count(s) **1ss** and **2ss;** Five (5) Years as to Count **4ss** and 360 Months as to Count **6ss** to run concurrently and Count **4ss** to run consecutive to all others counts.

2.

5. On or about March 11, 2002, A notice of Appeal was filed on behalf of the Petitioner.

6. On or about November 13, 2002, the United States Court of Appeals for the Fourth Circuit issued its opinion, Affirming the United States District Court's decision.

7. On or about June 26, 2015, the United States Supreme Court decided **Johnson** v. **United States**, 135 S.Ct. 2551, 192 L.Ed. 2d 596 (2015)

8. The Petitionercurrently has no other Motions, Petitions or Appeals pending in this Court or any other Court regarding the underlying Judgment under attack.

3.

## II.
### STATEMENT OF PREFERENCE

Petitioner, hereby respectfully request that this Honorable Court liberally construe this pleadings, in light of **Haines** v. **Kerner**, 404 U.S. 519, 30 L.Ed. 2d 652, 92 S.Ct. 594 ( 1974 ); **United States** v. **Emmanuel**, 288 F.3d 644 ( 4th Cir. 2001 ) Has held that Courts have an obligation to construe Pro-se pleadings liberally and to afford them the benefit of any doubt raised, by holding them to a less rigid standard than those pleadings drafted by an Attorney.

## III.
### MEMORANDUM OF LAW, IN SUPPORT OF APPLICATION
### PURSUANT TO 28 U.S.C. § 2255

As a matter introduction, the Petitioner hereby respectfully submit that the events which has transpired within the instant matters, has resulted in a clear denial to Due Process of Law, as protected under the Fifth Amendment ( 5th Amend. ) to United States Constitution . . . In Short, the Petitioner also further request in accordance with 28 U.S.C. § 2255(b) that an Evidentiary Hearing shall be conducted, in order to rightfully develop a supportive factual basis in regards to the alleged error which has arisen, thereby affecting the Petitioner's substantial rights.

4.

# IV.

## PROCEDURES

PURSUANT TO 28, UNITED STATES CODE, SECTION § 2255,
PROVIDES IN RELEVANT PART, "THATA PRISONER IN
CUSTODY UNDER A SENTENCE OF A COURT ESTABLISHED BY
ACT OF CONGRESS CLAIMING THE RIGHT TO BE RELEASE
UPON THE GROUNDS THAT THE SENTENCE WAS IMPOSED IN
VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED
STATES" MAY MOVE THE DISTRICT COURT WHICH IMPOSED
THE  SENTENCE TO VACATE, SET-ASIDE OR CORRECT THE
SENTENCE." 28 U.S.C. § 2255(a)

SECTION § 2255(f)(3) PROVIDES THAT THE ONE-YEAR
LIMITATION PERIOD BEGINS TO RUN FROM THE DATE
ON WHICH THE RIGHTS ASSERTED WAS INITIALLY
RECOGNIZED BY THE UNITED STATES SUPREME COURT AND
MADE RETROACTIVELY APPLICABLE TO CASES ON COLLATERAL
REVIEW.

SECTION § 2255(b) PROVIDES UNLESS THE MOTION AND THE
FILES AND THE RECORDS OF THE CASE CONCLUSIVELY SHOW
THAT THE PETITIONER IS ENTITLED TO NO RELIEF, A COURT
MUST GRANT A PROMPT HEARING TO DETERMINE THE ISSUES
AND MAKE A FINDING OF FACTS AND CONCLUSION OF LAW WITH
RESPECT THERETO.

5.

**V.**

**A. STANDARD OF REVIEW, 28 U.S.C. § 2255**

To evaluate whether Habeas relief should be awarded, requires that this Honorable Court to engage in a Two step process, the threshold inquiry is "whether the prisoner's sentence is unlawful on One of [2255's] specific grounds. **Id.** ( Citing 28 U.S.C. § 2255 ).

Those grounds are: **(1)** "The Judgment was rendered without Jurisdiction," **(2)** "The sentence imposed was not authorized by Law or [is] otherwise open to collateral attack," **(3)** "Or that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the Judgment vulnerable to collateral attack," 28 U.S.C. § 2255(a) "Second, if the prisoner's sentence is found unlawful on One of those grounds, the District Court should grant the prisoner an 'appropriate' remedy. . . .**(1)** 'discharge the prisoner,' **(2)** 'grant the prisoner a new trial.' **(3)** 're-sentence the prisoner,' or **(4)** 'correct the prisoner's sentence.' See also **United States** v. **Foote**, 784 F.3d 931 ( 4th Cir. 2015 ).

6.

## VI.
### ARGUMENT

**GROUND ONE:**

> WHETHER THE PETITIONER'S ENHANCED SENTENCE AMOUNTED
> TO A VIOLATION UNDER THE FIFTH AMENDMENT (5th AMEND.)
> TO DUE PROCESS OF LAW, WHEN IT WAS INCREASED PURSUANT
> TO 18 U.S.C. § 3559(c)(1), BASED UPON THE PETITIONER'S
> PRIOR CONVICTION FROM SOUTH CAROLINA, ASSAULT AND BATTERY
> OF A HIGH AND AGGRAVATED NATURE (ABHAN) WHICH DOES NOT
> POSE THE DEGREE OF RISK REQUIRED TO COME WITHIN THE
> DEFINITION FOR A SERIOUS VIOLENT FELONY, 18 U.S.C. §
> 3559(c)(2)(F)(ii)?

As outlined above, the Petitioner hereby respectfully contend that his enhanced sentence clearly amounted to a violation under the Fifth Amendment (5th Amend.) to the United States Constitution, when it was increased pursuant to 18 U.S.C. § 3559(c)(1), based upon the Petitioner's prior conviction from South Carolina, Assault and Battery of a high and aggravated nature (ABHAN) which does not pose the degree of risk required to come within the definition for a serious violent felony, 18 U.S.C. § 3559(c)(2)(F)(ii).

7.

The Fifth Amendment to the United States Constitution provides that:

> "[N]o person shall be deprived of Life, Liberty, or Property, without Due Process of Law."

Notably, the United States Supreme Court has established that by taking away someone's Life, Liberty, or Property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. See <u>Kolender</u> v. <u>Lawson</u>, 461 U.S. 352,357-358 ( 1983 ).

The Probihition of vagueness in criminal statutes "is well-recognized requirement, consonant alike with ordinary notions of fair play and the settle rules of law," and a statute that flouts it violates the First essential of Due Process." <u>Connally</u> v. <u>General Constr, Co.,</u> 269 U.S. 385,391 ( 1926 ). These principles apply not only to statutes defining elements of a crimes, but also to statutes fixing sentences. <u>United States</u> v. <u>Batchelder</u>, 442 U.S. 114,123 ( 1979 ).

8.

Meanwhile, pursuant to 18 U.S.C. § 3559(c)(1), provides that:

> "Notwithstanding any other provision of Law, a person
> who is convicted in a court of the United States of
> a 'serious violent felont', shall be sentenced to
> Life imprisonment if. . . the person has been convicted
> (and those convictions have become final) on separate
> occasions in a court of the United States of. . .2 or
> more serious violent felonies."

Additionally, the term "Serious Violent Felony" is defined
in relevant part as following:

> "Any other offense punishable by a Maximum term of
> imprisonment of 10-years or more that has as an
> element the use, attempted use, or threatened use of
> physical force against the person of another or that,
> By its nature, involves a substantial risk that physical
> force against the person of another may be used in the
> course of committing the offense. 18 U.S.C. § 3559(c)(2)
> (F)(ii)."

9.

Thus, it is the position of the Petitioner in asserting that pursuant to § 3559 information which indicated and listed as its predicated offenses the prior conviction of Assault and Battery of a high and aggravated nature (ABHAN), failed to meet the required definition under 18 U.S.C. § 3559(c)(2)(F)(ii), Specifically where it is an undisputable fact that 18 U.S.C. § 3559(c)(2)(F)(ii) is identical to the Armed Career Criminal definition for a violent felony, which defines a felony under the element clause as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(ii).

Especially after the United States Court of Appeals for the Fourth Circuit, has decided that Common Law Assault and Battery of a high and aggravated nature (ABHAN) was not categoraically an Armed Career Criminal violent felony, when the offense could be committed even if no real force was used, and the elements of the crime demonstrated that the offense, in the generic sense, did not pose the degree of risk required under 18 U.S.C. § 924(e)(2)(B)(ii) see also **United States** v. **Hemingway,** 734 F.3d 323 ( 4th Cir. 2013 ).

10.

Furthermore, in light of the recent decision announced in **Johnson** v. **United States**, 135 S.Ct. 2551 ( 2015 ) has held that the residual clause is unconstitutionally vague. **Id.** at 2563 ( "We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guaranteed of Due Process.") Specifically, the residual clause, simply does not give a person the ordinary intelligence of the proper notice of what type of crimes would 'otherwise involve conduct that presents a serious potential risk of physical injury to another'. Which further, leaves uncertainty about how much risk it takes for a crime to qualify as a "violent felony" or in the Petitioner's case a "Serious violent felony."

As the United States Court of Appeals for the Fourth Circuit has stressed and recognized that the crime of Assault and Battery of a High and Aggravated Nature neither satisfies the force clause of 18 U.S.C. § 924(e)(2)(B)(i) nor does it constitutes as meeting any of the enumerated offenses, therefore, an ABHAN offense can be an Armed Career Criminal Act violent felony only consistent with the Residual Clause, that it otherwise involves conduct that presents a serious potential risk of physical injury to another.

11.

Wherefore, since it is well-established that both provisions under 18 U.S.C. § 3559(c)(2)(F)(ii) and 18 U.S.C. § 924(e)(2)(B)(ii) are basically identical in terms of definition, and based upon the fact that the Petitioner's prior conviction as contested above satisfies neither elements of each provisions, has in fact affected both of the Petitioner's sentences under Count(s) One and Two, which after **Johnson's** clearly requires that both of the above Count(s) must be reimposed without the enhancement under 18 U.S.C. § 3559(c)(1).

**GROUND TWO:**

> THE PETITIONER'S CONVICTION AND RESULTING SENTENCE FOR USING AND CARRYING A FIREARM IN RELATION TO A CRIME OF VIOLENCE, UNDER 18 U.S.C. § 924(c)(1) MUST VACATED IN LIGHT OF THE RULING ANNOUNCED IN **JOHNSON V. UNITED STATES**, 135 S.Ct. 2551 (2015) WHEN THE DEFINITION FOR A "CRIME OF VIOLENCE" AS CONTAINED IN 18 U.S.C. § 924(c)(3)(B) IS UNCONSTITUTIONALLY VAGUE IN VIOLATION OF DUE PROCESS OF LAW.

The Petitioner hereby contends that his conviction and sentence under the charge of Use and Carried a Firearm in relation to the of violence in regards to Count**(1)** conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) and under 18 U.S.C. § 924(c)(1)(A) which is unconstitutional and should be vacated.

12.

§ 924(c)(1)(A) authorizes a term of 60 Months, or a maximum of life, when a defendant is convicted of possessing and brandishig or discharging a firearm in relation to a underlying offense that is a crime of violence. § 924(c)(3) defines "crime of violence" as any felony offense that: **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or **(B)** that by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Recently, in **Johnson** v. **United States**, 135 S.Ct. 2551 ( 2015 ), the United States Supreme Court examined similar language defining "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). That provision defined a violent felony, inter alia, as "Burglary, Arson, or Extortion, involves use of Explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." **Id.** § 924(e)(2)(B)(ii). The Court held that the "residual clause," was void for vagueness in violation of due process. Specifically, the Court recognized two features of the language that "conspire[d] to make it unconstitutionally vague." 135 S.Ct. at 2557.

First, the Court explained, the clause left "grave uncertainty" about "deciding what kind of conduct the 'ordinary case' of crime involves." **Id.** That is, the provision "denie[d] fair notice to defendants and invite[d] arbitary enforcement by Judges" because it "tie[d] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." **Id.** Second, the Court stated, that the ACCA'S residual clause left "uncertainty about how much risk it takes for a crime to

13.

qualify as a violent felony." **Id.** at 2558. By combining these two indeterminate inquiries, the Court held, "the residual clause produces more unprodictability and arbitrariness than the Due Process Clause tolerates." **Id.** The holding in **Johnson** has been determined by the Supreme Court as applying retroactive to cases on collateral review.

As mentioned above, 18 U.S.C. § 924(c) contains a "substantial risk" clause comparable to the One struck down by the Supreme Court in **Johnson**. Specifically, § 924(c)(3) defines "crime of violence" as a felony offense that: **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another; **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. This language tracks the general definition of "crime of violence" found in 18 U.S.C. § 16(b).

14.

Importantly, both the "substantial risk" clause found in § 924(c)(3)(B) (and , by reference, § 16(b)), and the ACCA'S residual clause are subject to the same mode of analysis. Both are subject to the categorical approach, which demands that courts "look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to Petitioner;s crime." See e.g., **Leocal** v. **Ashcroft**, 543 U.S. 1,7, 125 S.Ct. 377, 160 L.Ed. 2d 271 (2004)(construing § 16(b)). Specifically, courts considering both § 924(c)(3)(B) and the residual clause must decide what a "'usual or ordinary' violation" of the statute entails and then determine how great a risk of injury that "ordinary case" present.[1] The result is

---

[1] Notably, every Circuit Court to address the issue has employed the "ordinary case" analysis to § 16(b)'s substantial risk clause. See **United States** v. **Keelan**, 2015 U.S. APP. LEXIS 7871 ( 11th Cir. 2015); **United States** v. **Avila**, 770 F.3d 1100 (4th Cir. 2014); **United States v. Fish**, 758 F.3d 1 (1st Cir. 2014 ); **Rodriguez v. Holder-Castellon**, 733 F.3d 847 (9th Cir. 2013); **United States** v. **Echeverria-Gomez**, 627 F.3d 971(5th Cir. 2010); **Van Don Ngyuyen v. Holder**, 571 F.3d 526 ( 6th Cir. 2009 ); **United States  v. Sanchez-Garcia**, 501 F.3d 1208 (10th Cir. 2007); see also, **In Re: Francisco Alonzo**, 26 I&N Dec. 594 ( I&N 2015 ).

15.

that § 924(c)(3)(B) is subject to the same unpredictability and arbitrariness as ACCA'S residual clause. In fact, the United States Solicitor General has acknowledged that because § 924(c)(3)(B) and § 16(b) "require[] a court to identify the ordinary case of the commission of the offense," and judicially assess the risk involved, they are "equally susceptible to **[Johnson's]** central objection to the residual clause." See Supplemental Brief for Respondent at 22-23, **Johnson** v. **United States**, 135 S.Ct. 2551 ( 2015 )(No. 13-7120 ).

Accordingly, this Honorable Court should declare § 924(c)(3)(B) as unconstitutional. Recently, the Ninth Circuit held that the definition of "crime of violence" found in Title 8 U.S.C. § 1101 (a)(43)(F), which, like § 924(c)(3)(B), also traces the "substantial risk" clause of § 16(b), as unconstitutionally vague under **Johnson**. see **Dimaya** v. **Lynch**, 803 F.3d 1110 ( 9th Cir. 2015 ). Turning now to the instant case, the Petitioner was convicted of Using and Carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A). He was also convicted of conspiracy to commit Hobbs Act Robbery, to which was determined as a "crime of violence" for the purposes of the § 924(c) charge.

16.

The Fourth Circuit Court of Appeals has previously determined that " a Hobbs Act conspiracy to commit robbery is by definition a conspiracy that involves a substantial risk that physical force may be used against the person or property of another." Under § 924(c)(3)(B). See **United States v. Ayala**, 601 F.3d 256 ( 4th Cir. 2010 ) (citing **United States v. Elder**, 88 F.3d 127,129 ( 2nd Cir. 1996 ). Therefore, because § 924(c)(3)(B) is unconstitutional in light of **Johnson**, the Petitioner's conviction and sentence on Count (4) of Using and Carrying a firearm in relation to a crime of violence must be set-aside as Justice demand.

**GROUND THREE:**

> WHETHER THE PETITIONER'S SENTENCE AMOUNTED TO A VIOLATION UNDER THE FIFTH AMENDMENT (5th AMEND.) TO THE UNITED STATES CONSTITUTION, WHEN IT WAS INCREASED UNDER THE ARMED CAREER CRIMINAL ACT ("ACCA") THE RESIDUAL CLAUSE, PURSUANT TO 18 U.S.C. § 924(e)(2)(B)(ii)?

As outlined above, it is the Petitioner's position of contending that his current sentence has amounted to a violation under the Fifth Amendment (5th Amend.) to the United States Constitution, specifically, in light of the recent decision announced in **Johnson v. United States**, 135 S.Ct. 2551 (2015) which has held that imposing an increased

17.

sentence under the Residual Clause of the Armed Career Criminal Act ("ACCA") violated the Constitution's guaranteed to Due Process of Law, which provid as following:

> "[N]o Person shall be deprived of Life, Liberty, or Property, without Due Process of Law."

Again, as noted above the United States Supreme Court has established that by taking away someone's Life, Liberty, or Property, under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. See **Kolender** v. **Lawson**, 461 U.S. 352, 357-58 ( 1983 ).

The prohibition of vagueness in criminal statutes "is well-recognized requirement, consonant alike with ordinary notions of fair play and the settle rules of Law," and a Statute that flouts it "violates the first essential of Due Process." **Connally** v. **General Constr. Co.,** 269 U.S. 385,391 ( 1926 ). These principles apply not only to Statutes defining elements of a crime, but also to Statutes fixing sentences. **United States** v. **Batchelder**, 442 U.S. 114,123 ( 1979 ).

18.

Therefore, pursuant to 18 U.S.C. § 924(e) a person who is convicted of a violation of 18 U.S.C. § 922(g) and who has at least Three (3) prior convictions for "violent felonies" must be sentenced to a term of imprisonment for at least 15-years. In addition, a "violent felony" is "any crime punishable by imprisonment for a term exceeding One-year" that "**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or **(ii)** is Burglary, Arson, or Extortion, involves the use of Explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

Moreover, during the Petitioner's sentencing phase the Sentencing Court found that the Petitioner's prior conviction for Assault and Battery of a High and Aggravated Nature (ABHAN) qualified as a predicated offense under 18 U.S.C. § 924(e)(2)(B)(ii) which as a result of the decision announced within **Johnson**, has clearly affected and call into questions this alleged conviction.

19.

However, it shall be noted that this alleged prior conviction has already been determined and decided by the Fourth Circuit as not categoraically a Armed Career Criminal violent felony, when the offense could be committed even if no real force was used, and the elements of the crime clearly demonstrates that the offense, in the generic sense, does not pose the degree of risk required under 18 U.S.C. § 924(e)(2)(B)(ii) see also **United States** v. **Hemingway**, 734 F.3d 323 ( 4th Cir. 2013).

Notably, absent this alleged erroneous application under 18 U.S.C. § 924(e), the Petitioner's guidelines sentencing range would have been as following, Base offense level of (24) Category (IV) a sentencing range of 110 to 137 Months, which as a result of the above errors of Law vacation of this sentence is required as the Petitioner has in fact exceeded the Maximum authorized under the offense of conviction which is Ten Years, therefore, it is the Petitioner's request that this sentence must be vacated, as Justice may demand.

20.

## CONCLUSION

For the aforementioned reasons as set forth above, Petitioner **Bernard Hezekiah Drayton**, hereby respectfully urges that this Honorable Court grant the instant Application/Memorandum of Law, by vacating the Petitioner's current sentences which has been imposed under Count(s) One,Two,Four and Six, which have all come in violation under the decision announced within **Johnson v. United States**, 135 S.Ct. 2551 (2015) in violation of the Petitioner's substantial rights to Due Process of Law as guranteed under the Fifth Amendment to United States Constitution.

DATED: _JUNE 6,_____ ,2016        /S/* *Hezekiah Bernard Drayton*_____
                                          **BERNARD HEZEKIAH DRAYTON**

( 28 U.S.C. § 1746 )

21

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing, "APPLICATION/ MEMORANDUM OF LAW, IN SUPPORT THEREOF, SECTION § 2255, 28 U.S.C.," was served By U.S. Mail, Postage Prepaid and addressed to: OFFICE OF THE CLERK, UNITED STATE DISTRICT COURT, SOUTH CAROLINA, AT CHARLESTON, HOLLINGS JUDICIAL CENTER, 83 MEETING STREET, CHARLESTON, SOUTH CAROLINA, 29401, and addressed to: ASSISTANCE UNITED STATES ATTORNEY SEAN KITTRELL, P.O. BOX # 876, CHARLESTON, SOUTH CAROLINA 29402.

DATED: _JUNE 6,_____ ,2016        /S/* _Hezekiah Bernard Drayton_
                                       BERNARD HEZEKIAH DRAYTON
                                       REG. NO 87738-071
                                       McCREARY USP
                                       P.O. BOX # 3000
                                       PINE KNOT, KENTUCKY 42635

    ( 28 U.S.C. § 1746 )

22.

( EXHIBIT–A )

161167
Ashley

Form 2
STATE OF SOUTH CAROLINA
COUNTY OF Charleston

COURT General Sessions
Week of July 10 , 1989 Term

RECEIVED
OCT '9 AM 10: 17
CENTRAL RECORDS

STATE
-VS-
Hezekiah B Drayton
Defendant

PROBATION ORDER

No. 89-GS-10-0768

89-GS-10-0634

OFFENSE (Assault and Battery of a High and Aggravated Nature)

The sentence of the Court is that the defendant, Hezekiah B Drayton , shall be in the custody of the
Board of Corrections of the State of South Carolina for a term of 10 years (and/or) pay a fine of
$ 25,000 ; provided that upon the service of 42 months (and/or) payment of $ 7.75
that the balance of the aforesaid sentence be and the same is hereby suspended and that the said defendant is hereby
placed on probation for a period of 5 years under the supervision of the South Carolina Board of Probation,
Parole, and Pardon Services and its agents, subject to the provisions of the laws of this State and the rules and
orders of the Board and its agents, with leave that the suspended sentence may be revoked at any time during the
period of probation.

THAT AS CONDITIONS OF PROBATION THE AFORESAID SHALL:

1. Report in person within 48 hours after arrival at his destination to the Supervising Agent.
2. Restrict his activities as directed by his Supervising Agent and agree to future modifications by duly authorized
   representatives of the Court.
3. Refrain from changing his residence or employment without first procuring the consent of his supervising agent.
4. Make a complete and truthful report to his Supervising Agent each month and whenever instructed to by his
   Supervising Agent until his final release.
5. Not use a controlled substance, except when properly prescribed by a licensed physician.
6. Not consume alcoholic beverages to excess or visit establishments whose primary business is the dispensation and
   consumption of alcoholic beverages.
7. Avoid injurious habits and shall associate only with law-abiding persons.
8. In all respects, conduct himself honorably, work diligently at a lawful occupation, and support his dependents,
   if any, to the best of his ability.
9. Refrain from the violation of any Federal, State, or Local penal law, and shall contact his supervising agent
   immediately if arrested or questioned by a law enforcement official.
10. Not leave the State without authorization and shall waive all extradition rights and process and agree to return
    to South Carolina when directed to by the Court or pursuant to a warrant.
11. Not possess or purchase a weapon.
12. Promptly and truthfully answer all inquiries from the Court or Supervising Agent and allow the Agent to visit
    any time in his home, at his employment site or elsewhere, and carry out all instructions given by the Agent.
13. Pay any restitution, fines, or other payments which have been ordered as a part of this order.
14. Immediately notify his supervising agent in case of unemployment and/or absenteeism from work and in case of
    illness or injury.
15. Submit to urinalysis test and/or a blood test when requested by his Supervising Agent and agree that the
    results may be used as evidence that he did nor did not violate these conditions.
16. Pay a supervision fee to the South Carolina Department of Probation, Parole, and Pardon Services of $ _____
    while under intensive supervision and $240 per year while under any other level of supervision during normal
    release.

Additional Conditions ordered by the Court:  Must pay restitution in the amount of $5,680.00 to
victim payable to Charleston County Clerk of Court by July 14, 1989 at 5:00pm.  Concurrent
to 89-GS-10-0634.

IT IS FURTHER ORDERED:  that the Sheriff or other law enforcement officers who have the custody of the defendant is
hereby ordered to deliver said defendant to the Probation Office of this district, or if defendant is under bond, then
such bond shall remain in full force until said defendant reports to the Probation Office.  The conditions of proba-
tion begin (today) after service of required portion of suspended sentence).  It is further ordered that the Clerk of
Court in his office and that he forthwith forward a copy (certified) of this order to the Probation Office or the
South Carolina Department of Probation, Parole, and Pardon Services.

This  13  day of  July                        RECEIVED  Luke Brown
19 89    Charleston            SC.         Luke Brown    Ninth Judicial    Circuit
                               OCT 11 1989  Presiding Judge

You are hereby advised that under the law the Court may at any time revoke or modify any condition of this proba-
tion; impose any special conditions it deems proper; or it may extend your period of probation not to exceed five (5)
years.
      You shall be subject to arrest, upon order of the Court, or without order, by the Probation Agent.  At any time
within the period of your probation, the Court may, if it sees fit, impose the judgment and sentence it might have
imposed in the first instance.
      This is to certify that I have read or have had read to me the Order of Probation and the Conditions set out
therein.  I agree to comply with such conditions during the period of my probation.  I have received a copy of this   RECEIVED
court order.                                                                                                           OCT 13 1989

Witnessed by:                              Signed:  Hezekiah Drayton          SC.
                                                    Probationer
Signed this  14  day of  July , 19 89 , at  Charleston

R 6-13-91        P 8-23-91                                                      LR & EC
                                                                               161167

DOCKET NO. 89-GS-10-0634

# The State of South Carolina,

County of ___CHARLESTON___

## COURT OF GENERAL SESSIONS

___APRIL___ TERM ___1989___

### THE STATE

vs.

HEZEKIAH B. DRAYTON

DOA: JANUARY 5, 1989

AW#: C342558

# Indictment for Unlawful Drugs

POSSESSION OF COCAINE FOR DISTRIBUTION

Name _____

ADDRESS _____

Race _____ Zip _____

Sex _____

Date of Birth _____ Age __40__

SSN _____

Attorney _____

I/WE APPEAR IN PERSON AND PLEAD GUILTY TO THE WITHIN INDICTMENT.

_Hezekiah B. Drayton_

WITNESS _____

DATE 7/13/89

---

WITNESSES

89-01-MO-0087

KAY COLLETON

BENTON, CCPD

OCA#: 89-00761B

ARREST WARRANT NO. _____

ACTION OF GRAND JURY

_True Bill_

_Margaret W. Pearson_
Foreman of Grand Jury

VERDICT

_____

Foreman of Petit Jury

Date: _____

13422    3-15    25,00

0007717

DOCKET NO. 89-GS-10-0124

# The State of South Carolina,

County of CHARLESTON

## COURT OF GENERAL SESSIONS

APRIL _____ TERM 1989

THE STATE

vs.

HEZEKIAH BERNARD DRAYTON

DOA: AUGUST 28, 1988

AW#: B866339

$580.00 Restitution pd 7/4/89

## Indictment for

ASSAULT AND BATTERY WITH
INTENT TO KILL

009736

I/WE APPEAR IN PERSON AND PLEAD GUILTY
TO THE WITHIN INDICTMENT.

Hezekiah B. Drayton

DATE 7/11/89

WITNESS

DEFENDANT

13422

B. Vincent 4/4/89

WITNESSES

89-01-KI-0098

KAY COLLETON

DET. ASARO, NCPD

OCA #: 87-073171

LET A BENCH WARRANT BE ISSUED FORTHWITH FOR THE DEFENDANT

ARREST WARRANT NO.

ACTION OF GRAND JURY

True Bill
Margaret M. Pearson
Foreman of Grand Jury

VERDICT

_____
Foreman of Petit Jury      Date:

# CERTIFICATE OF SERVICE

I, Hezekiah Bernard DRAYTON, do Hereby CERTIFY UNDER the Penalty of perjury (28 USC § 1746) that the following document(s):

MOTION TO VACATE, CONVICTION, SET-ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255 WITH MEMORANDUM OF LAW, IN support of MOTION:

Which, pursuant to HOUSTON V. LACK, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988), Is deemed filed at the time it WAS delivered TO PRISON AUTHORITIES for FORWARDING to the COURT AND SERVICE UPON parties to litigation and/or their ATTORNEY(S) of RECORD.

I HAVE placed the MATERIAL Referenced Above IN A properly sealed envelope With First-class postage (stamps) Affixed AND I address IT TO:

Clerk, UNITED STATES DISTRICT COURT
Holling Judicial CENTER,
83 Meeting street
CHARLESTON, SOUTH CAROLINA, 29401

SEAN Kittrell
ASSISTANCE UNITED STATES Attorney
P.O. Box 876
CHARLESTON, SOUTH CAROLINA, 29402

AND deposited SAID ENVELOPE IN the UNITED STATES Postal SERVICE VIA the Legal Mailbox here At the UNITED States Penitentiary McCREARY Ky ON this 6 day of JUNE 2016

Hezekiah Bernard Drayton
Reg#: 87738071
U.S. Penitentiary McCREARY
P.O. Box 3000
Pine Knot, Ky 42635