# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Hezekiah Bernard Drayton, ) | |
| ) | Case No.: 2:98-cr-751-PMD-2 |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Hezekiah Bernard Drayton, a federal prisoner proceeding *pro se*, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 183). The United States ("Government") has filed a motion for partial summary judgment (ECF No. 190). For the reasons stated herein, the Court transfers Drayton's § 2255 motion to the United States Court of Appeals for the Fourth Circuit.

In June 2001, a jury found Drayton guilty of four charges from a six-count indictment: conspiring to obstruct interstate commerce by armed robbery, in violation of 18 U.S.C. § 1951(a) (2000) (Count 1); obstructing interstate commerce by armed robbery, in violation of 18 U.S.C. §§ 2 & 1951(a) (2000) (Count 2); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4); and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), & 924(e) (2000) (Count 6). The Court imposed two concurrent life sentences for Counts 1 and 2, a concurrent thirty-year sentence for Count 6, and a consecutive five-year sentence for Count 4. Drayton appealed. The Fourth Circuit affirmed. *United States v. Drayton*, 51 F. App'x 95 (4th Cir. 2002) (per curiam).

In November 2003, Drayton filed a *pro se* § 2255 motion asserting claims of ineffective assistance of counsel.  The following May, this Court issued an order rejecting Drayton's claims on their merits and, accordingly, denying the motion.  *Drayton v. United States*, No. 2:03-cv-3554-PMD, slip op. (D.S.C. May 11, 2004); *see also Drayton v. United States*, No. 2:03-cv-3554-PMD, slip op. (D.S.C. Dec. 2, 2004) (denying Drayton's untimely motion for leave to file a petition for a certificate of appealability out of time), *aff'd*, 125 F. App'x 480 (4th Cir. 2005) (per curiam).

Drayton filed the instant § 2255 motion on June 6, 2016.  He claims all his sentences, as well as his conviction on Count 4, are unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The Government concedes that some of Drayton's claims have merit but opposes other portions of Drayton's motion.

At this time, the Court cannot address either side's arguments.  Before a district court can entertain a "second or successive" § 2255 motion, the court of appeals must issue an order authorizing the district court to consider such a motion.  28 U.S.C. §§ 2244(b), 2255(h).  A § 2255 motion attacking a particular sentence is successive if it is filed after an earlier § 2255 motion attacking that same sentence was denied on the merits.  *See, e.g.*, *Anderson v. Holland*, No. 2:13-cv-1115-JFA-BHH, 2013 WL 4496073, at *5 (D.S.C. Aug. 20, 2013) ("To be considered successive, the second or subsequent petition must be a second attack on the same [sentence], and the first petition must have been finally adjudicated on the merits.").  This Court's order denying Drayton's first § 2255 motion constitutes a final adjudication on the merits.  Thus, Drayton's current § 2255 motion is successive.  Nothing in the record indicates that the Fourth Circuit has authorized this Court to proceed.

2

When a district court receives an unauthorized successive § 2255 motion, it "must either dismiss the motion for lack of jurisdiction or transfer it to" the Fourth Circuit so that court can "perform [its] gatekeeping function under § 2244(b)(3)." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Between the Fourth Circuit's recent order addressing *Johnson*'s potential retroactive application to collateral attacks on career-offender designations, *see In re Hubbard*, 825 F.3d 225 (4th Cir. 2016), and the statute-of-limitations issue that dismissal might create, the Court finds that transfer is the more just option in this instance.

It is therefore **ORDERED** that the Clerk transfer Drayton's current § 2255 motion to the Fourth Circuit. This Court will hold this matter in abeyance pending the Fourth Circuit's decision.

**AND IT IS SO ORDERED.**

_PATRICK MICHAEL DUFFY_
United States District Judge

October 13, 2016
Charleston, South Carolina

3