IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| HEZEKIAH BERNARD DRAYTON, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:98-cr-0751-DCN-2 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Hezekiah Bernard Drayton's ("Drayton") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 183. The government filed a motion for partial summary judgment, ECF No. 190. For the reasons set forth below, the court grants in part and denies in part Drayton's motion and grants the government's motion.

## I.  BACKGROUND

On August 10, 2000, the government charged Drayton and his co-defendant George Moultrie ("Moultrie") in a six-count superseding indictment based on Drayton and Moultrie's participation in a May 25, 1998 armed robbery of a restaurant in North Charleston. ECF No. 74. The indictment named Drayton in five counts. On June 6, 2001, after a trial, a jury convicted Drayton on four of the counts charged against him: conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) ("Count 1"); Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and 2 ("Count 2"); use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)

1

and 2 ("Count 4"); and felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1) 924(a)(2), and 924(e) ("Count 6").[1]

Prior to trial, the government filed an information informing Drayton of the government's intention to seek a mandatory life sentence pursuant to 18 U.S.C. § 3559(c), which mandates that the court impose a life sentence upon "certain violent felons" where the convicted defendant has two previous convictions of "serious violent felonies" or one or more previous convictions of a "serious violent felony" and one or more convictions of a "serious drug offense." ECF No. 53. The government's information listed the following offenses as applicable previous convictions:

> (1) Assault with Intent to Ravish, in the Court of General Sessions for Charleston County, South Carolina (September 12, 1967).
>
> (2) Armed Robbery, in the Court of General Sessions for Charleston County, South Carolina (September 12, 1967).
>
> (3) Possession of Marijuana with Intent to Distribute, in the Court of General Sessions for Richland County, South Carolina (March 30, 1976).
>
> (4) Assault and Battery of a High and Aggravated Nature, in the Court of General Sessions for Richland County, South Carolina (on or about January 28, 1980).
>
> (5) Possession of Cocaine for Distribution, in the Court of General Sessions for Charleston County, South Carolina (July 13, 1989).
>
> (6) Assault and Battery of a High and Aggravated Nature, in the Court of General Sessions for Charleston County, South Carolina (July 13, 1989).
>
> (7) Conspiracy and Drug Trafficking, in the United States District Court for the District of South Carolina (October 3, 1995).

---

[1] Although the second superseding charged Drayton with conspiracy to use a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(o) ("Count 3"), the court dismissed Count 3 against Drayton prior to the jury rendering a verdict.

Id. at 1.  On March 7, 2002, the court sentenced Drayton to an imprisonment term of life on Counts 1 and 2 and 360 months on Count 6, to run concurrently.  The court further imposed an imprisonment term of 60 months on Count 4, to run consecutively with Drayton's sentence on Counts 1, 2, and 6.

On June 9, 2016, Drayton filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 183.  On July 25, 2016, the government responded with a motion for partial summary judgment.  ECF No. 190.  In part, Drayton's motion seeks relief from his convictions based on the Supreme Court's then-recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA").  At that time, Johnson's effect outside of the ACCA was unclear.  On January 5, 2017, the court stayed the case, finding that forthcoming decisions in the Fourth Circuit would likely be instructive as to whether Drayton's § 924(c) conviction remained valid in light of Johnson.  ECF No. 200.  On March 12, 2020, the court lifted the stay and ordered the parties to file supplemental briefing on how post-Johnson changes in the law affected Drayton's motion.  ECF No. 205.  On April 17, 2020, Drayton filed a supplemental § 2255 motion in response to the court's request.  ECF No. 208.  Unable to access the law library at his prison due to the ongoing COVID-19 pandemic, Drayton's supplemental brief requests that the court provide him with the materials necessary to research the relevant developments in the law.  The government filed a response to Drayton's request on July 27, 2020.  ECF No. 209.  The motions are now ripe for the court's review.

## II. STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

> Pursuant to 28 U.S.C. § 2255(a):
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence. See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## III. DISCUSSION

Drayton's motion asserts three grounds for relief. First, Drayton argues that his life sentence is no longer valid under 18 U.S.C. § 3559(c). Second, Drayton contends that his conviction under § 924(c) is no longer valid in light of the Supreme Court's decision in Johnson. Third, Drayton argues that his conviction under the ACCA, 18

U.S.C. § 924(e), is no longer valid, also based on Johnson. The court addresses each ground in turn.

### A. Drayton's Life Sentence under § 18 U.S.C. § 3559(c)

Drayton argues that he is entitled to relief on his life sentence because his two previous South Carolina convictions for Assault and Battery of a High and Aggravated Nature ("ABHAN") cannot serve as predicate offenses under § 3559(c) and, without those offenses, Drayton does not have the requisite convictions to trigger § 3559(c). 18 U.S.C. § 3559(c) mandates that the court impose a life sentence upon "certain violent felons" where the defendant is presently convicted of a "serious violent felony" and has two previous convictions of "serious violent felonies" or one or more previous convictions of a "serious violent felony" and one or more convictions of a "serious drug offense." In response, the government agrees that Drayton's ABHAN convictions do not qualify as predicate offenses for the purposes of § 3559(c) and additionally concedes that three more of Drayton's previous convictions do not qualify as predicate crimes under the statute. The government explains that Drayton's assault with intent to ravish and armed robbery convictions from 1967 constitute a single conviction for the purposes of § 3559(c) because they "appear to have happened on the same day." See ECF No. 190-1 at 8; see also 18 U.S.C. § 3559(c)(1)(A) (requiring that a person "has been convicted . . . on separate prior occasions . . ."). Further, the government also "concedes that Drayton's convictions for . . . possession of cocaine for distribution[,] and conspiracy and drug trafficking do not count under the statute." ECF No. 190-1 at 8 (citing 18 U.S.C. § 3559(c)(2)(F) and (H)). Based on its concessions, the government concludes that

5

Drayton's "sentences on Counts 1, 2[,] and 4 should be vacated and he [should be] resentenced under the correct sentencing guidelines." Id. at 8–9.

The court resolves the first ground of Drayton's motion in favor of Drayton without assessing the legal accuracy of the government's position that Drayton's previous convictions do not trigger § 3559(c). The government bases its concession on its assessment that five of Drayton's previous convictions do not qualify as predicate offenses under § 3559(c), but the record does not give the court sufficient information to determine the legal correctness of the government's position for two reasons. For one, the government does not provide an explanation for its conclusion that Drayton's convictions for "possession of cocaine for distribution" and "conspiracy and drug trafficking" do not qualify as "serious drug offenses" under § 3559(c)(2)(H). Moreover, the record is bereft of information from which the court could conduct an independent analysis and determine whether these convictions qualify as "serious drug offenses." Second, the government eliminates five of Drayton's previous convictions as potential predicate offenses under § 3559(c) but fails to explain why the remaining two crimes, one of which is a violent crime and one of which is a drug crime, fail to satisfy § 3559(c)'s requirement that a defendant have at least one "serious drug offense" and one "serious violent felony".[2] However, the court's inability to determine the legal soundness of the government's concession in this case should not serve as a barrier to the court granting relief that both parties agree is warranted.[3] As such, the court grants Drayton's motion on

---

[2] Additionally, the government does not explain the legal basis for its concession that ABHAN no longer qualifies as a predicate crime under § 3559(c), despite the fact that legal support for that proposition exists.

[3] The fact that the court is without the proper means to assess the legal correctness of the government's position is not to say that the government does not have a sound

this ground without evaluating the legal accuracy of the government's conclusion. Thus, the court vacates Drayton's sentences on Counts 1, 2, and 4, and the court will resentence Drayton without imposing a life sentence under § 3559(c).

### B. Drayton's § 924(c) Conviction after Johnson

As the second ground for his motion, Drayton argues that the Supreme Court's holding in Johnson invalidates his § 924(c) conviction. In Johnson, the Supreme Court found the residual clause of the ACCA to be unconstitutionally vague. 135 S. Ct. at 2563. Section 924(c) contains a residual clause that is similar to the ACCA's residual clause. Although Drayton's motion is based on an extrapolation of the new law announced in Johnson, the Supreme Court has since ruled definitively on the constitutionality of § 924(c)'s residual clause in United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court announced a newly recognized right by invalidating § 924(c)'s residual clause as unconstitutionally vague. 139 S. Ct. at 2336. Neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect. However, the Fifth, Sixth, Tenth, and Eleventh Circuits have all determined that Davis established a new substantive rule that should be applied retroactively. See In re Franklin, 950 F.3d 909, 911 (6th Cir. 2020); United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019); United States v. Bowen, 936 F.3d 1091, 1098 (10th Cir. 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019). The court agrees with the reasoning of these courts and gives Davis retroactive effect. However, even in light of Davis, the

---

basis in the law for its conclusion. For example, Drayton's convictions for "possession of cocaine for distribution" and "conspiracy and drug trafficking" may very well not constitute "serious drug offenses" under § 3559(c)(2)(H); the court merely notes that it is without the means to assess whether Drayton's previous convictions qualify as predicate offenses under § 3559(c) based on the record before it.

court rejects Drayton's argument because his § 924(c) conviction is still valid based on the force clause.

Pursuant to § 924(c), it is illegal for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to "use[ ] or carr[y] a firearm, or who, in furtherance of any such crime, possess[ ] a firearm." 18 U.S.C. § 924(c). The statute defines "crime of violence" as a crime that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. The Davis Court found the residual clause, subsection B, to be void for vagueness; however, the force clause, subsection A, remains intact. As such, a § 924(c) conviction premised upon an underlying crime of violence that fits within the force clause's definition is still valid.

Further, the Fourth Circuit recently held that Hobbs Act Robbery under 18 U.S.C. § 1951(a) constitutes a crime of violence under the force clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Conversely, conspiracy to commit Hobbs Act Robbery falls under the residual clause of § 924(c) and therefore can no longer serve as a predicate crime of violence for a conviction under the statute. United States v. Simms, 914 F.3d 229, 233 (4th Cir.), cert. denied, 140 S. Ct. 304 (2019). In short, a § 924(c) conviction premised upon substantive Hobbs Act Robbery stands,

while a § 924(c) conviction premised upon conspiracy to commit Hobbs Act Robbery does not.

Here, it is clear that Drayton's § 924(c) conviction is premised upon substantive Hobbs Act Robbery. Count 2 of the operative indictment charged Drayton with substantive Hobbs Act Robbery based on his May 25, 1998 robbery of "the Winery", a restaurant in North Charleston, South Carolina. ECF No. 74 at 3–4. Count 4 charged Drayton with a violation of § 924(c), based on his use of a firearm during the May 25, 1998 robbery. See id. at 6 (charging that Drayton used a firearm during the commission of a crime of violence on "May 25, 1998."). In short, the plain language of the indictment makes clear that Drayton's § 924(c) count is premised upon his substantive Hobbs Act Robbery count. The law is clear that Hobbs Act Robbery falls under § 924(c)'s force clause, which remains intact. As such, Drayton's conviction under § 924(c) is unaffected by Johnson, Davis, and Simms and remains valid. The court therefore rejects the second ground of Drayton's petition.

### C. Drayton's ACCA Conviction after Johnson

The third ground of Drayton's motion challenges his conviction under the ACCA, 18 U.S.C. § 924(e). A defendant is guilty under the ACCA and thus subject to a mandatory minimum sentence of fifteen years' imprisonment where he or she is convicted of violating 18 U.S.C. § 922(g) and has three previous convictions that constitute either "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e).

Specifically, Drayton argues that his ACCA conviction is invalid because his ABHAN convictions no longer qualify as "violent felonies" under the statute in light of Johnson. In its response, the government agrees that Drayton's ABHAN convictions no

longer qualify as "violent felonies" for the purposes of the ACCA but nevertheless contend that Drayton's ACCA conviction remains valid because Drayton's other previous convictions constitute valid predicate offenses under the ACCA. Specifically, the government argues that Drayton's 1989 conviction for "Possession of Cocaine for Distribution" and 1995 conviction for "Conspiracy and Drug Trafficking" constitute "serious drug offenses" and that his 1967 conviction for armed robbery constitutes a "violent felony." As such, the government concludes that, even putting aside his ABHAN convictions, Drayton has the three requisite previous convictions necessary under the ACCA. In his reply, Drayton does not dispute that his previous drug convictions qualify as "serious drug offenses" under the ACCA. As such, the court need not determine whether Drayton's two previous drug convictions constitute "serious drug offenses" as that phrase is defined in the ACCA.[4] Instead, Drayton argues that his

---

[4] The positions of the parties have produced a result that seems to rest upon an inconsistency. With respect to the first ground of Drayton's motion, the government conceded that two of Drayton's previous drug convictions were not "serious drug offenses" for the purposes of § 3559(c). Now, with respect to the third ground of Drayton's petition, the government argues that those same drug convictions do in fact constitute "serious drug offenses" for the purposes of the ACCA. The government does not explain its inconsistent position, and the court is unable to determine whether there is a relevant distinction between a "serious drug offense" under § 3559(c) and "serious drug offense" under the ACCA that would eliminate the apparent inconsistency. In accepting the government's conflicting arguments, the court does not analyze the law out of both sides of its mouth. Rather, the procedural circumstances of the case have dictated that the court accept both paradoxical conclusions as true.

In the first instance, the court accepted the government's concession that Drayton's two previous drug convictions did not constitute "serious drug offenses" without legal analysis because the government conceded the point and the court determined that its inability to confirm the accuracy of the government's position did not warrant denying Drayton relief. In this instance, the government asserts that Drayton's two previous drug convictions do qualify as "serious drug offenses", and Drayton fails to argue that they do not. The court cannot grant relief to Drayton on a basis that he does not assert in his motion or address in his reply. Therefore, the court need not reach the merits of the government's claim in order to accept it. Of course, the court does not

previous armed robbery conviction does not qualify as a "violent felony." The court disagrees.

> The ACCA defines "violent felony" as
>
> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>

18 U.S.C. § 924(e)(2)(B) (emphasis added). In <u>Johnson</u>, the Supreme Court invalidated the residual clause of the definition, the underlined portion, as unconstitutional, finding that the clause's vagueness violated the Fifth Amendment's promise of due process of law. 135 S. Ct. at 2560. Subsection "i" of the definition, known as the force clause, remains intact, meaning that a crime that falls within the force clause qualifies as valid predicate offenses to the ACCA, even in light of <u>Johnson</u> and its progeny.

The Fourth Circuit has held that the crime of robbery in South Carolina qualifies as a predicate "violent felony" under the ACCA's force clause. <u>United States v. Doctor</u>, 842 F.3d 306, 312 (4th Cir. 2016) (finding that the crime of robbery in South Carolina "necessarily include[s] as an element the 'use, attempted use, or threatened use of physical force against the person of another'" and thus "qualifies as a predicate violent felony within the meaning of the ACCA" under the force clause). In <u>Doctor</u>, the court considered South Carolina common-law robbery, which it defined as "the felonious or

---

accept as a matter of law that Drayton's previous drug convictions both are and are not "serious drug offenses". However, the court is constrained by procedure, not substance, to resolve the motions in a way that reflects such a contradiction.

11

unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." Id. at 309 (quoting State v. Rosemond, 560 S.E.2d 636, 640 (S.C. Ct. App. 2002), aff'd as modified, 589 S.E.2d 757 (S.C. 2003)).

Here, the parties dispute whether Drayton's previous South Carolina conviction for armed robbery under S.C. Code Ann. § 16-11-330 qualifies as a "violent felony" under the ACCA. That statute defines armed robbery as

> robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon . . . .

S.C. Code Ann. § 16-11-330. The Supreme Court of South Carolina has found that this statute incorporates South Carolina's common-law definition of robbery. State v. Frazier, 689 S.E.2d 610, 613 (S.C. 2010). In other words, the crime of armed robbery in South Carolina under § 16-11-330 requires that a defendant commit common-law robbery while in possession, or alleged possession, of a weapon.

Because the Fourth Circuit has found that the crime of common-law robbery in South Carolina requires an element of the "use, attempted use, or threatened use of physical force against another" and because the statutory crime of armed robbery incorporates the crime of common-law robbery, the statutory crime of armed robbery necessarily requires an element of force, attempted force, or threatened force against another. As such, the crime of armed robbery under S.C. Code Ann. § 16-11-330 clearly fits within the force clause. Therefore, Drayton's previous conviction of armed robbery

qualifies as a predicate "violent felony" for the purposes of the ACCA, and his conviction thereunder remains valid. The court rejects the third ground of Drayton's motion.

### D. Drayton's Supplemental Brief

As discussed above, on March 12, 2020, the court lifted the stay on Drayton's motion and requested supplemental briefing from the parties given the evolution in the case law that had occurred since the court imposed the stay. In response, Drayton explained that he could not provide the court with additional substantive briefing because the COVID-19 pandemic has forced his prison to restrict his access to the necessary legal materials. See ECF No. 209. As such, Drayton requests leave from the court to file supplemental briefing and requests access to the relevant case law. After substantive review of Drayton's motion and the government's motion, the court has determined that further briefing from the parties is unnecessary.

Supplemental briefing from the parties is not warranted on the first ground of Drayton's motion because the government concedes that ground. With respect to the second and third grounds of Drayton's petition, the court initially requested supplemental briefing from the parties because Drayton's motion requested relief under Johnson. Johnson, as the court has discussed, invalidated the residual clause of the ACCA, and courts since Johnson have applied its holding to the residual clauses of other criminal statutes. Here, however, the court resolves Drayton's motion under the force clauses of § 924(c) and the ACCA, which have not been the subject of constitutional scrutiny and on which the law has not evolved since Drayton filed his motion. Because the court's resolution of Drayton's motion does not implicate the residual clauses of those statutes, which have been at the center of constitutional debate, further briefing from the parties on

the post-Johnson changes in the law would not have a bearing on the court's resolution of the motions. As such, Drayton's request for leave and access to legal materials is denied because granting his request would be futile. See Scott v. United States, 2018 WL 1545586, at *12 (E.D. Va. Mar. 29, 2018) (denying a motion for leave to supplement § 2255 petition where the supplement could not "state a claim for relief").

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Drayton does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS IN PART** and **DENIES IN PART** Drayton's motion to vacate, **GRANTS** the government's motion for partial summary judgment, and **VACATES** Drayton's sentences on Counts 1, 2, and 4.  A certificate of appealability as to the portions of Drayton's motion which the court denied is **DENIED**. The court will schedule a date for Drayton's resentencing.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 4, 2020**
**Charleston, South Carolina**